# WINDHAM COUNTY.

NORTON, *ex dem.*

A. DOUGLASS

*vs.*

Douglass
vs.
Spooner.

ELIAKIM SPOONER.

Ejectment for fifty acres of land in Westminster, on the original right of A. Douglass.

On trial a deed was produced from A. D., the lessor, to Norton, the plaintiff, dated in February, 1762, acknowledged and recorded June 9th, 1789.

In ejectment, the operation of the lease is not confessed. In this case the Court held that the operation of the lease is not confessed. The proof must be according to the allegation. If the lease be made prior to the conveyance in fee, the lease is merged. If a man take a lease of his own land, the lease is void. The trespass laid is fiction, for which the defendant shall not be punished.

The connection between the lessor and the plaintiff, is supported by the fiction of a lease. If that fiction potentially cease, or a fact arise which destroys the possibility of such lease, or destroys its effect, if supposed once to have existed, there can be no recovery. The deed given in February, 1762, and recorded in June, 1787, becomes good from the date by retrospect. Even without recording, it is good against Douglass and his heirs. If a man have a title in fee, he should demand on that title, not on a lease.

A plaintiff demanding on bond shall not recover on note, or if he demand in his own right, he shall not recover in the right of an administrator. Douglass had

Plaintiff cannot demand on a lease, and recover in fee.

departed with his right to Norton; Norton has de- <span style="float:right">Douglass<br>vs.<br>Spooner.</span>
clared on a lease, and proved a title in fee.   He cannot recover in this action.

Verdict for the defendant.

N. B.—In January, 1791, Noah Smith, Esq., resigned, and Elijah Paine, Esq., was appointed Judge in his stead.